**In Re Anonymous No. 10 D.B. 79 & 58 D.B. 81**

Disciplinary Docket Board no. 10 D.B. 79 & 58 D.B. 81.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

DANIELS, Member, January 10, 1984—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, The Disciplinary Board of the Supreme Court of Pennsylvania submits its following findings and recommendations to your honorable court with respect to the above petitions for reinstatement.

## I. HISTORY OF PROCEEDINGS

Petitioner's first disciplinary proceeding, resulting in a six month suspension from the practice of law being imposed upon him in 10 D.B. 79, arose out of a complaint that petitioner suggested to a client that she falsify her address in order to establish venue in a divorce action in [       ] County, rather than proceeding for her divorce in the county in which she did in fact reside.

Petitioner's second disciplinary proceeding, 58 D.B. 81, arose out of two separate charges. The first charge ( [A] Estate) involved a charge that petitioner, inter alia, neglected a legal matter entrusted to him and failed to deposit the funds of a client in one or more identifiable bank accounts maintained in this Commonwealth (in which his law office was situated). The second charge ( [B] Estate) arose out of a complaint that petitioner failed to properly handle the administration of an estate.

Petitioner was found to have neglected a legal matter (D.R. 6-101(A)(3) ) and to have failed to deposit funds of a client in an identifiable bank account in this Commonwealth (D.R. 9-102(A) ) in connection with the [A] Estate, but was found to have been guilty of no professional misconduct in connection with the [B] Estate.

Accordingly, the Disciplinary Board of the Supreme Court of Pennsylvania recommended that due to the violations involved in the [A] Estate, petitioner be suspended from the practice of law for a period of six months, to be effective as of April 15, 1982, the date on which his prior six month suspension in 10 D.B. 79 expired, and extending for a period of six months thereafter. The Supreme Court of Pennsylvania accepted such recommendation of this board by order of June 29, 1983.

The instant petitions for reinstatement were filed on March 25, 1982 (10 D.B. 79) and July 26, 1983 (58 D.B. 81), respectively, in the Office of the Disciplinary Board of the Supreme Court of Pennsylvania. Pursuant to the provisions of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania referred the March 25, 1982 petition for reinstatement (10 D.B. 79) to hearing committee [ ] (hereinafter sometimes referred to as "committee"). Following appropriate notice to both parties, the committee conducted hearings in connection with said petition on March 30, 1983 and April 22, 1983.

The second petition for reinstatement, which was filed on July 26, 1983 (58 D.B. 81), was also referred to hearing committee [ ], with a request that it be considered with and incorporated into its report on the previous petition for reinstatement (10 D.B. 79). Disciplinary Counsel registered no objection to this request. Subsequently, the committee filed a report, findings and recommendation on August 24, 1983, wherein it was recommended that petitioner's applications for reinstatement to the practice of law in the commonwealth of Pennsylvania be granted.

The Office of Disciplinary Counsel filed a brief on exceptions to said committee's report and recommendation on September 13, 1983, in response to which petitioner filed a brief on reinstatement on November 8, 1983.

On November 2, 1983, oral argument was held before a three-member panel of this board, consisting of Robert C. Daniels, Esq., Chairman, James C. Schwartzman, Esq., and Mary Bell Hammerman, Esq. That three-member panel made its report and recommendation to the entire board, as a result of which this board hereby recommends to the Su-

preme Court of Pennsylvania that the instant petitions for reinstatement be granted for the reasons set forth hereinafter.

## II. DISCUSSION

To obtain reinstatement to the Bar of the Supreme Court of Pennsylvania, petitioner has the burden of demonstrating, by clear and convincing evidence, that he has both the moral qualifications and the competency and learning in the law required for admission to practice law in this Commonwealth. In addition, petitioner has the burden of demonstrating that his resumption of the practice of law will not be detrimental to the integrity and standing of the Bar or to the administration of justice, nor subversive of the public interest. See Rule 218(c)(3)(i) of the Pennsylvania Rules of Disciplinary Enforcement.

### A. Moral Qualifications

The Office of Disciplinary Counsel takes issue with the moral qualifications of petitioner on several grounds and, accordingly, contends that petitioner has failed to satisfy that prerequisite to reinstatement to the practice of law in this Commonwealth. The grounds cited by the Office of Disciplinary Counsel are as follows:

First, by petitioner's alleged participation in violations of The Code of Professional Responsibility by accepting compensation in the form of sharing and dividing legal fees with [C], Esq., in violation of D.R. 3-102 and D.R. 1-102(A)(6), and by engaging in a partnership for the practice of law, at least for particular legal matters, with said [C], Esq., in violation

of D.R. 3-103, all while petitioner was suspended from the practice of law in this Commonwealth.

Second, in attending a real estate settlement and allegedly engaging in conduct which was tantamount to the practice of law, during the period of his suspension from the practice of law in this Commonwealth.

And third, by failing to demonstrate his rehabilitation and contrition, particularly in light of petitioner's alleged absence of any remorse and of his alleged failure to truthfully explain the factual circumstances which led to his original suspension from the practice of law in 10 D.B. 79.

Hearing committee [ ], in recommending petitioner's reinstatement to the practice of law in this Commonwealth, rejected each of such contentions of the Office of Disciplinary Counsel. In response to such contentions as to petitioner's alleged failure to demonstrate his moral qualifications to justify his reinstatement to the practice of law in this Commonwealth, the committee made the following findings of fact and observations:

## "III. FINDINGS OF FACT

The following findings of fact are made by the Committee after careful consideration of all the evidence presented:

1. Petitioner has submitted to the Board his answers to Reinstatement Questionnaire required under Rule 89.275 of the Rules of the Disciplinary Board.

2. Petitioner, upon suspension, promptly notified all clients being represented in pending matters of his suspension to inactive status.

3. Petitioner, upon suspension, took appropriate steps to have his name removed from lawyer directories.

4. Petitioner has not engaged in the practice of law during his period of suspension.

5. During his period of suspension petitioner was employed as a law clerk with [C], Esq.

· · ·

## IV. DISCUSSION

· · · Petitioner ceased using his legal letterhead, and took the necessary steps to have his name removed from law directories. His name was removed from the [      ] and [      ] telephone directories, but appeared in the [      ] directory through inadvertence on the part of the telephone company. Petitioner refused to pay for this listing, since the company had been advised to remove his name.

Substantial testimony was presented as to whether Petitioner appeared at a real estate settlement as an attorney representing a client, or as an officer of a corporation for the purpose of executing documents on behalf of the corporation. A thorough review of the evidence satisfied the committee that petitioner did not appear as counsel, but rather as an officer of the corporation represented by other counsel at the settlement.

Also at issue was the question of whether Peitioner failed to display any sense of contrition because of his doubt that he was, in fact, guilty of wrong for which he was suspended in 10 D.B. 79. Petitioner's position was that he acted on the basis of his own interpretation of a Superior Court decision. However, petitioner admitted that he made a mistake and he emphatically stated that he would not do the same thing again. The Committee, in evaluating the testimony on this issue believes that there has been a rehabilitation on the part of the Pe-

titioner, and, if reinstated he will not continue the same type of conduct which brought about his suspension." (Committee's Report, Findings of Fact and Discussion, pp. 5-7, Emphasis added).

This board adopts the foregoing findings of fact and discussion of hearing committee [   ], fully and unequivocally, and finds that the record in this proceeding demonstrates that Petitioner does in fact possess the prerequisite moral qualifications for reinstatement to the practice of law in the Commonwealth of Pennsylvania.

This board finds, contrary to the contentions and assertions of Disciplinary Counsel, that petitioner has not violated D.R. 3-102 and D.R. 1-102 (A)(6), by accepting compensation in the form of sharing or dividing legal fees, or D.R. 3-103, by engaging in a partnership for the practice of law while under suspension.

The cases upon which the Office of Disciplinary Counsel relies in support of its contentions in this regard are inapposite. In Re Anonymous No. 39 D.B. 77, 11 D.&C. 3d 127 (1979), involved a written agreement between a non-lawyer and the lawyer respondent therein, which clearly evidenced the existence of a partnership for the practice of law, including a fee sharing agreement between the respondent lawyer and the non-lawyer. In Columbus Bar Association v. Agree, 196 N.E.2d 98 (Sup. Ct., Ohio, 1964), the respondent attorney had a fee-splitting arrangement with a non-lawyer, who referred cases to him based upon his receiving a percentage of the overall counsel fee, which agreement was negotiated between them in advance as to each file so referred.

The circumstances involved in the financial arrangements between petitioner herein and [C], Esq., were far, far different. According to [C's] testi-

mony, which the committee accepted as totally credible, there was no negotiated agreement for the splitting or division of counsel fees in connection with any of the matters in which petitioner performed services for [C]. Moreover, [C] testified that Petitioner advised him that "[w]hatever you pay me will be okay with me", and that such was the nature of the informal arrangement with regard to the manner in which petitioner would be compensated by [C]. In addition, the matters on which Petitioner worked (for which work petitioner received compensation) were not matters which petitioner originated or referred to [C's] office, but were [C's] own client matters, in connection with which petitioner was called upon, from time to time, to perform services as a law clerk.

The cases cited by the Office of Disciplinary Counsel in its brief all involve situations where the disciplined attorneys either shared, split or divided legal fees with non-lawyers on a pre-arranged, pre-negotiated percentage fee-splitting basis. Such was certainly not the case with respect to petitioner's remuneration for the law clerkship services that he performed for [C], Esq. [C] compensated petitioner for the work that he actually performed, at a rate decided upon solely and exclusively by [C], within his sole and absolute discretion, without any pre-arranged, pre-negotiated fee-splitting percentage agreement with petitioner.

Accordingly, this board finds that petitioner was not engaged in any fee splitting activities, but was being compensated based upon what [C] believed to be fair compensation for the work performed by petitioner in connection with his law clerkship duties in each particular matter in which petitioner performed law clerk services for [C]. Furthermore, this board does not find that petitioner's conduct violat-

ed D.R. 3-103, which prohibits a partnership between a lawyer and non-lawyer, as it is not persuaded by Disciplinary Counsel's argument that a law partnership relationship existed between petitioner and [C].

Nor is this board persuaded by the Office of Disciplinary Counsel's contention that Petitioner engaged in the practice of law during his period of suspension by the Supreme Court of Pennsylvania by virtue of his appearance and participation in a real estate settlement on behalf of [D], Inc. This board finds, as did the committee, that petitioner did not appear or participate as counsel at such real estate settlement, but rather as an officer of the corporation. As a matter of fact, the record in this proceeding, makes it clear beyond peradventure that [D], Inc. was in fact represented by other legal counsel, [E], Esq., at that real estate settlement. Thus, there was absolutely no need or reason for Petitioner to appear or act as legal counsel at that time and place in any event.

Office of Disciplinary Counsel's final submission in its brief on exceptions, wherein the present case is likened to this board's decision In Re Anonymous, No. 13, D.D. 1, Board No. 4 D.B. 76, where the reinstatement of that petitioner was denied because of his continued insistence upon his innocence and persistent failure to tell the full truth about the circumstances of his discipline and suspension, is equally without merit. The instant petitioner has acknowledged his mistake and has stated that he would not do the same thing again; he has testified honestly, truthfully and in a good faith manner concerning the circumstances giving rise to the disciplinary proceeding which resulted in his initial six-month suspension from the practice of law in 10 D.B. 79. Accordingly, this board agrees with the

committee that the instant petitioner has demonstrated a sense of contrition and total rehabilitation, so as to entitle him to reinstatement to the practice of law in this Commonwealth.

### B. Competency and Learning in the Law

The committee found, and the Office of Disciplinary Counsel does not challenge, that petitioner has the requisite competency and learning in the law to qualify for reinstatement to the practice of law in the Commonwealth of Pennsylvania. As the committee observed:

"The evidence presented fully satisfies the Committee that Petitioner has the technical competency and learning required for admission to the practice of law. During his suspension, Petitioner worked as a law clerk for [C], Esq., who testified that Petitioner's work was always extraordinarily good, thorough and prompt. Petitioner presented testimony as to his continued interest and study of the law during his suspension by continual receipt and study of various state and county law reporters, frequent visits to the law libraries of [ ] County and [ ] County, and attendance at a tax course sponsored by the [ ] County Bar Association." (Committee's Report, Findings of Fact and Discussion, pp. 5-6).

Therefore, this board finds that petitioner has proved, by clear and convincing evidence, "that he possesses the competency and learning in the law required to practice law in the Commonwealth of Pennsylvania . . .". And the Office of Disciplinary Counsel does not challenge or contest such a finding in any event.

### III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

In addition to the foregoing findings and conclusions of this board, as expressed hereinbefore, the

findings of fact and conclusions of law of hearing committee [ ] in this matter are accepted and adopted by this board, and are incorporated herein, as the findings of fact and conclusions of law of this board.

## IV.  RECOMMENDATION

For all of the reasons set forth above, the Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends to the Supreme Court of Pennsylvania that the instant petitions for reinstatement of [Petitioner] to the practice of law in the Commonwealth of Pennsylvania be granted by your honorable court, and that the Supreme Court direct that all necessary expenses incurred by this board in the investigation and processing of the instant petitions for reinstatement be borne by and paid for by said petitioner. (A statement of such expenses is appended to the instant report).

Mrs. Hammerman dissents and would recommend that the reinstatement be denied.

Mrs. Neuman and Mr. Helwig did not participate in the adjudication.

## ORDER

NIX, C.J., And now, this February 1, 1984, the Recommendation of the Disciplinary Board dated January 10, 1984, is accepted, and the petitions for reinstatements are granted. ·

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petitions for reinstatement.